IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY N., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 20 C 2328 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) Magistrate Judge Finnegan |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Kathy N. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing motion for summary judgment in support of affirming the decision. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff applied for DIB on April 26, 2012 at the age of 46, alleging disability since March 28, 2012 due to malnutrition/weight loss associated with colorectal cancer necessitating radiation and chemotherapy treatment. (R. 219). On June 21, 2012, the

---

[1]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

Commissioner found that Plaintiff's impairment was severe enough to meet Listing 5.08 (weight loss due to any digestive disorder) and so awarded her disability benefits beginning March 28, 2012. (R. 137-42).

In June 2016, the Social Security Administration ("SSA") commenced a required continuing disability review to determine whether Plaintiff remained entitled to benefits. 20 C.F.R. § 404.1589. At the initial level, the SSA found that Plaintiff had experienced medical improvement and was no longer disabled as of August 31, 2016. (R. 143-49). That determination was upheld on reconsideration. (R. 152-76). Plaintiff filed a timely request for a hearing and appeared before administrative law judge Victoria A. Ferrer (the "ALJ") on October 18, 2018. (R. 72). The ALJ heard testimony from Plaintiff, who chose to proceed without representation, and from vocational expert Jacqueline R. Bethell (the "VE"). (R. 72-136). On February 20, 2019, the ALJ agreed that Plaintiff had experienced medical improvement as of August 31, 2016 and was no longer entitled to disability benefits after that date.

The ALJ first noted that the comparison point decision ("CPD") for purposes of evaluating Plaintiff's claim was the June 21, 2012 decision finding that her history of colorectal cancer with chemoradiation treatment was a severe impairment that medically equaled Listing 5.08. (R. 59). With this benchmark in mind, the ALJ next found that beginning August 31, 2016, Plaintiff's list of severe impairments expanded to include neuropathy and degenerative disc disease of the lumbar spine in addition to a history of colorectal cancer. None of those impairments, however, either alone or in combination, met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.). As a result, Plaintiff experienced medical improvement reflecting a

"decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent" June 2012 CPD. 20 C.F.R. § 404.1594(b)(1).

After reviewing the medical and testimonial evidence, the ALJ concluded that as of August 31, 2016, Plaintiff had the residual functional capacity ("RFC") to perform light work involving: occasional lifting of 20 pounds; frequent lifting of 10 pounds; sitting, standing, and walking for 6 hours in an 8-hour workday; occasional balancing, stooping, kneeling, crouching, crawling, and reaching above the shoulder with both arms; occasional climbing of ramps and stairs; and no climbing of ladders and scaffolds. Plaintiff also needs to avoid: concentrated exposure to extreme heat or cold, working with hazardous machines with moving mechanical parts, and working with sharp objects. (R. 60-64). Relying on testimony from the VE, the ALJ found that Plaintiff was no longer disabled as of August 31, 2016 because she could perform her past relevant work as a novelties sales representative. (R. 65). The Appeals Council denied Plaintiff's request for review on February 24, 2020. (R. 1-5). That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. §§ 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, Plaintiff (now represented by counsel) argues that the ALJ: (1) relied on flawed VE testimony in finding her capable of performing her past relevant work; (2) failed to properly assess her RFC; and (3) erred in discounting her statements regarding the limiting effects of her symptoms. For reasons discussed in this opinion, the Court agrees that the case must be remanded for further consideration of the VE's testimony.

3

## DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) of the Social Security Act (the "SSA"). In reviewing this decision, the court may not engage in its own analysis of whether Plaintiff is severely impaired as defined by the Social Security regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "'displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations.'" *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The court "will reverse an ALJ's determination only when it is not supported by substantial evidence, meaning 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2013) (quoting *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011)).

In making its determination, the court must "look to whether the ALJ built an 'accurate and logical bridge' from the evidence to [his] conclusion that the claimant is not disabled." *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)). The ALJ need not, however, "'provide a complete written evaluation of every piece of testimony and evidence.'" *Pepper*, 712 F.3d at 362 (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted)). Where the Commissioner's decision "'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 698 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

**B.     Five-Step Inquiry**

To recover disability benefits under the SSA, a claimant must establish that she is disabled within the meaning of the SSA.  *Snedden v. Colvin*, No. 14 C 9038, 2016 WL 792301, at *6 (N.D. Ill. Feb. 29, 2016).  A claimant is disabled if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to law for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a).  In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [s]he can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy."  *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (citing 20 C.F.R. § 404.1520).  If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five.  *Moore v. Astrue*, 851 F. Supp. 2d 1131, 1139-40 (N.D. Ill. 2012).

**C.     Analysis**

    **1.     VE Testimony**

Plaintiff argues that the case must be reversed or remanded because there is an inconsistency between the ALJ's RFC determination, the hypothetical questions posed to the VE, and the ALJ's conclusion that Plaintiff is capable of performing her past work.  At the administrative hearing, the VE testified that according to the Dictionary of

5

Occupational Titles ("DOT"), Plaintiff's past work would be classified as a novelties sales representative, a position that requires frequent reaching. (R. 127); 1991 WL 672521 (Jan 1, 2016). The ALJ then asked the VE to consider a person with Plaintiff's background and an RFC for light work involving frequent overhead reaching (among other limitations). (R. 128). The VE testified that such a person could perform Plaintiff's past work. (*Id.*).

In her decision, the ALJ agreed that Plaintiff is capable of doing her past work based on the VE's testimony. But the ALJ also limited Plaintiff to no more than occasional as opposed to frequent overhead reaching. (R. 60). This is problematic because the ALJ never asked the VE any questions incorporating the lesser restriction. Since the DOT does not distinguish among types of reaching (e.g., overhead or other directions), the ALJ needed testimony from the VE to explain why a person limited to occasional overhead reaching is qualified to work as a novelties sales representative. *Cf. Brian A. B. v. Comm'r of Social Sec.*, No. 19 C 1164, 2020 WL 4569445, at *2-4 (S.D. Ill. Aug. 7, 2020) (finding no error where the ALJ acknowledged that the DOT did not "break down overhead reaching as opposed to reaching in other directions" and the VE "filled [the] gap" based on "a combination of her experience and information contained in 'the new occupational requirement survey.'").

Defendant denies that any error occurred, stressing that the ALJ found Plaintiff capable of returning to her past work not only as generally performed per the DOT but also as actually performed by Plaintiff. (R. 65). Plaintiff testified during the hearing that she ran a home-based internet sales business which involved "[a] lot of hours of sitting and lifting and shipping, going to the post office, that sort of thing." (R. 87). She estimated that she sat for about half the day and spent the rest of her time "going up and down

stairs, pulling things off shelves, carrying things, [and] going to the post office." (R. 89-90). Defendant finds it significant that Plaintiff did not testify that her job involved frequent overhead reaching, and was able to lift her arms above her head at the hearing. (R. 115). Based on this evidence, Defendant argues that Plaintiff "has not met her burden of showing that she could not perform her past relevant work due to reaching limitations." (Doc. 20, at 5).

In making this argument, Defendant ignores the fact that Plaintiff did not have a representative at the hearing. When a claimant is unrepresented, the ALJ has an enhanced duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Juanona N. v. Saul*, No. 19 C 4110, 2021 WL 1614504, at *5 (N.D. Ill. Apr. 26, 2021) (quoting *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997)). This includes asking questions "that are necessary to explore the claimant's symptoms, exertional abilities, and treatment history." *Id*. Here, the ALJ failed to ask Plaintiff how often her past work necessitated reaching overhead. Nor did the ALJ inquire about the amount of time Plaintiff spent "pulling things off shelves" or the height of those shelves. And contrary to Defendant's suggestion, the mere fact that Plaintiff was able to lift her arms overhead on one occasion during the hearing says nothing about how frequently she reached overhead while performing her job.

Viewing the record as a whole, the ALJ did not build a logical bridge between the RFC for occasional overhead lifting and the finding that Plaintiff can perform her past work. The case must be remanded for further consideration of this issue.

**2. Remaining Arguments**

The Court does not find any specific error with respect to Plaintiff's remaining arguments but since she was unrepresented at the hearing, the ALJ should take the opportunity on remand to reassess Plaintiff's RFC and explain why she does not have any manipulative limitations or require accommodations for incontinence and fatigue. The ALJ should also address the medical evidence of record and reevaluate Plaintiff's statements regarding the limiting effects of her symptoms.

## CONCLUSION

For the reasons stated above, Plaintiff's request to reverse or remand the ALJ's decision is granted, and the Commissioner's motion for summary judgment [19] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: July 1, 2022

_____
SHEILA FINNEGAN
United States Magistrate Judge